UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOYOTA MOTOR SALES, U.S.A., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Misc. Action No. 4:25-MC-02075 |
| | § | |
| ALLEN INTERCHANGE LLC and | § | |
| DEFENDANTS DOES 1-10, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this Miscellaneous Action is Third-Party Bottom Line Dealer Solutions, LLC ("Bottom Line")'s Motion to Quash Subpoena and/or Motion for Protection. (Dkt. No. 1). For the following reasons, the Court **TRANSFERS** the Motion to the United States District Court for the District of Minnesota.

### I.   BACKGROUND

Toyota Motor Sales, U.S.A., Inc. ("Toyota") sued Allen Interchange, LLC ("Allen") on June 28, 2022, in the United States District Court for the District of Minnesota. (Dkt. No. 1 at 3). While Bottom Line is not a party, one of its founders[1] was disclosed as having information on "sales interactions with Toyota dealers relating to Toyota parts sold by Allen Interchange." (Dkt. No. 2 at 6 (citing Dkt. No. 2-12 at 5)).

---

[1] Allen Martin founded Bottom Line along with his wife in 2002, (Dkt. No. 1 at 2), and was listed in Allen's initial disclosures, (Dkt. No. 2-12 at 5). Allen Martin died in 2023, and his son Allen Martin, III ("Martin") has since taken over Bottom Line. (Dkt. No. 1 at 3).

Toyota issued the Subpoena to Bottom Line on October 3, 2025, in the United States District Court for the District of Minnesota. (Dkt. No. 1-1). The Subpoena requests that Bottom Line designate a corporate representative to appear for a deposition in Houston, Texas on October 28, 2025, under Federal Rule of Civil Procedure 30(b)(6). (*Id.* at 1). And it includes a list of thirteen different topics to be discussed. (*Id.* at 13–15).

Bottom Line was served with the Subpoena on October 7, 2025, (Dkt. No. 1 at 4), and filed this Motion on October 27, 2025, (*id.*). On October 31, 2025, Toyota filed its Opposition to Bottom Line's Motion to Quash Subpoena and/or Motion for Protection. (Dkt. No. 2).

II.     **LEGAL STANDARD**

Under Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of a privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." The court may also quash or modify a subpoena if it requires disclosing a trade secret. Fed. R. Civ. P. 45(d)(3)(B). The moving party has the burden of proof. *See Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

Rule 45(f) permits a court, which did not issue the subpoena but where compliance is required, to transfer "a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The Advisory Committee Notes provide:

> [I]t should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.

Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments). Exceptional circumstances can be established by "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *CSS, Inc.*, 354 F.Supp.3d at 707 (quoting *Orix USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 3926507, at *4 (N.D. Tex. July 21, 2016)).

### III.   DISCUSSION

Bottom Line contends that the Subpoena should be quashed because it is unduly burdensome, overbroad, and seeks to compel the disclosure of trade secrets. (Dkt. No. 1 at 2, 6, 9). Toyota argues that the Subpoena should be transferred because exceptional circumstances warrant having the Motion heard in the District of Minnesota, where the underlying litigation is pending. (Dkt. No. 2 at 7–10). Alternatively, Toyota argues that the Subpoena should be enforced because it is not unduly burdensome and does not require disclosing Bottom Line's trade secrets. (Dkt. No. 2 at 10–17).

The Court agrees with Toyota that transfer to the District of Minnesota is warranted. The underlying litigation's discovery disputes are extensive and ongoing. There are seven pending motions related to discovery and scheduling. (Dkt. No. 2 at 9). Although the discovery deadline under the operative scheduling order has passed, (Dkt.

No. 1 at 6), both Toyota and Allen seek at least some additional fact discovery, further complicating the discovery landscape, (Dkt. No. 2 at 9 (discussing pending motions in the underlying litigation)). The case itself is complex: as of the Court's consideration of this Motion, the docket reflects 737 entries spanning more than three years. *See Toyota Motor Sales, U.S.A., Inc. v. Allen Interchange LLC, et al.*, No. 0:22-CV-01681-KMM-JFD (D. Minn.).

It is clear that the District of Minnesota has "the 'greatest familiarity' with the issues in [the underlying] case." *In re Nat'l Prescrip. Opiate Litig.*, No. A-23-MC-00945-RP, 2023 WL 5659047, at *2–3 (W.D. Tex. Aug. 30, 2023) (explaining that familiarity is a "compelling factor" for transfer because the issuing court understands "the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation").

Because the Court finds that exceptional circumstances justify transferring the Motion to the United States District Court for the District of Minnesota—and because that court is best positioned to assess the Subpoena—the Court declines to reach the merits of Bottom Line's arguments that the Subpoena is unduly burdensome, overbroad, and seeks trade secrets. (Dkt. No. 1 at 2, 6, 9). However, once the United States District Court for the District of Minnesota resolves the Motion, it may retransfer the matter so that this Court can enforce its order. *See* Fed. R. Civ. P. 45(f).

IV.   **CONCLUSION**

Considering the foregoing analysis, the Court **TRANSFERS** Bottom Line's Motion to Quash Subpoena and/or Motion for Protection. (Dkt. No. 1). The Motion should be

docketed in the underlying case, *Toyota Motor Sales, U.S.A., Inc. v. Allen Interchange LLC, et al.*, No. 0:22-CV-01681-KMM-JFD (D. Minn.).

It is SO ORDERED.

Signed on November 6, 2025.

                                                            **DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

5